NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

SILAS CLITSO, *Appellant.*

No. 1 CA-CR 14-0746
FILED 7-2-2015

Appeal from the Superior Court in Maricopa County
No. CR2010-007477-001
The Honorable Jose S. Padilla, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Legal Defender's Office, Phoenix
By Cynthia Dawn Beck
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge Maurice Portley delivered the decision of the Court, in which Judge John C. Gemmill and Judge Michael J. Brown joined.

**P O R T L E Y**, Judge:

¶1        This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969). Counsel for Defendant Silas Clitso has advised us that she has been unable to discover any arguable questions of law after searching the entire record, and has filed a brief requesting us to conduct an *Anders* review of the record. Clitso was given the opportunity to file a supplemental brief but did not file one.

### FACTS[1]

¶1        Clitso was a resident of Tyerra Manor, a group home for seriously mentally ill individuals, on September 15, 2009. He asked one of the staff members, L.F., for a snack. When told that he would have to wait, Clitso began punching L.F. in the stomach and the face. Clitso continued to punch L.F. as she tried to escape out of the front door of the residence. She fell down outside by the doorway and Clitso began to repeatedly stomp her face.

¶2        S.T., another staff member, witnessed the attack and called the police. R.M., a neighbor, heard the screams, went outside, and saw the assault. R.M. shouted at Clitso, who then stopped attacking L.F. and went inside.

¶3        The police arrived and arrested Clitso. They noticed that L.F. was badly injured. Her left eye was swollen, and it was later determined that her right cheek and left side of her jaw had been fractured.

¶4        Clitso was charged with two counts of aggravated assault, one as a class 3 dangerous felony and the other as a class 4 felony. Because of his mental health diagnosis, Clitso's lawyer asked for a competency

---

[1] We view the facts "in the light most favorable to sustaining the verdict, and resolve all reasonable inferences against the defendant." *State v. Rienhardt*, 190 Ariz. 579, 588-89, 951 P.2d 454, 463-64 (1997).

evaluation under Arizona Rule of Criminal Procedure 11. Although he was initially found competent to stand trial, he was later found incompetent, eventually restored to competency, and declared competent to stand trial.

**¶5**　　　　After trial, the jury found Clitso guilty of both counts of aggravated assault, and found aggravating circumstances related to the crime. He was subsequently sentenced to concurrent terms of 15 years' imprisonment for dangerous aggravated assault causing serious physical injury and 3.75 years for aggravated assault causing the fracture. He was given 1458 days of presentence incarceration credit.

**¶6**　　　　We have jurisdiction over this appeal pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes sections 12-120.21(A)(1), 13-4031, and -4033(A)(1).[2]

## DISCUSSION

**¶7**　　　　We have read and considered the opening brief. We have searched the entire record for reversible error. We have found no reversible error. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881.

**¶8**　　　　All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. The record, as presented, reveals that Clitso was represented by counsel at all stages of the proceedings. He was offered plea agreements that he rejected, and the parties participated in an unsuccessful settlement conference. The trial court resolved the pre-trial motions. The jury was selected, given preliminary jury instructions, and listened to the evidence. After the State rested, Clitso moved for a directed verdict, which was denied. The court settled final jury instructions and properly instructed the jury. The jury issued its verdicts, as well as its findings about aggravating circumstances to support the verdicts. The court received a presentence report, and at the sentencing hearing heard from the victim and members of her family, as well as from Clitso. The sentences imposed were within the statutory limits for the verdicts issued by the jury.

**¶9**　　　　After this decision is filed, counsel's obligation to represent Clitso in this appeal has ended. Counsel must only inform Clitso of the status of the appeal and Clitso's future options, unless counsel identifies an

---

[2] We cite the current version of the applicable statutes absent changes material to this decision.

issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). Clitso may, if desired, file a motion for reconsideration or petition for review pursuant to the Arizona Rules of Criminal Procedure.

## CONCLUSION

¶10          We affirm Clitso's convictions and sentences.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama